In the Matter of the Application of MAX DANZIGER, Appellant, for a Mandamus Order against JOHN L. RICE, Commissioner of Health of the City of New York, and Others, Respondents.

First Department, December 27, 1935.

*Abraham J. Rosenblum*, for the appellant.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondents.

PER CURIAM. The objection that, because only two candidates passed the examination, no eligible list exists from which appointment could be made cannot be sustained. Section 3 of rule VIII of the Rules of the Classified Civil Service of the Civil Service Commission of the State of New York provides that if the eligible list certified contains less than three names the appointing officer in his discretion may make a selection for appointment from such list, or proceed as provided in section 4 or section 10 of the same rule, " subject, however, to the provisions of the Constitution giving preference in appointment to veterans." (See Const. art. V, § 6.)

Section 10 of said rule, here applicable, provides that whenever a vacancy exists in a position of the competitive class and an open competitive examination does not result in an eligible list of at least three names, the appointing officer may nominate a person to the Commission for non-competitive examination and if such nominee be certified by the Commission as qualified he may be appointed to fill such vacancy. This authority to nominate is, of course, subject to the exception contained in section 3 above quoted " giving preference in appointment to veterans." Section 8 of the Civil Service Law makes the foregoing rules applicable to officers of the city. Here the petitioner is a disabled veteran. If the vacancy, therefore, is to be filled, the petitioner is entitled to the appointment.

It is urged on behalf of the respondents that the commissioner cannot be required to make an appointment to a subordinate position under his jurisdiction. Assuming this to be true, neither can he fill a position by resort to subterfuge by delegating the duties of the position to one not eligible. We are of opinion, therefore, that there is presented an issue of good faith and also an issue as to whether the duties of the office of director are now being performed by one who is not entitled to the position.

The order should be modified by granting an alternative order of mandamus, and as so modified affirmed, without costs.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Order modified by granting an alternative order of mandamus, and as so modified affirmed, without costs. Settle order on notice.